IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

JOSEPH JACKSON,

       Defendant.

Criminal No. 14-0274
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court are two Motions – one filed *pro se* and one counseled – seeking a Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(1), wherein Defendant claims his asthma condition creates an extraordinary and compelling reason to justify his release from prison. ECF 139 and ECF 145. The Government filed a singular Response to these Motions making the matter ripe for adjudication.

**I. Standard of Review**

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. U.S.*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. U.S.*, 560 U.S. 817, 819 (2010) (stating, "[a] federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582, which provides in relevant part:

    The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

The applicable policy statement for compassionate release is found in the United States Sentencing Guidelines ("U.S.S.G") § 1B1.13 and Commentary. U.S.S.G. § 1B1.13 states in relevant part: "[T]he court may reduce the term of imprisonment if . . . the court determines that [e]xtraordinary and compelling reasons warrant the reduction; . . . [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and [t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

Thus, in order to grant this Motion for Release, Defendant must: (1) demonstrate that extraordinary and compelling reasons exist to allow for his release, and (2) demonstrate that he is not a danger to the safety of any other person or the community.

**II. Discussion**

Defendant moves the Court to reduce his term of imprisonment by primarily arguing that he has severe asthma and his incarceration at the Federal Correctional Institution in Butner, North Carolina, places him at risk of contracting the coronavirus known as Covid-19. ECF 145.

In support of his request, Defendant notes that he has completed over 50% of his sentence and that he has viable home plan.  Id.    The Government's response suggests that Defendant's asthma condition does not rise to the level of an extraordinary and compelling reason to reduce Defendant's sentence.  ECF 150.

Turning to the first question as to whether Defendant's asthmatic condition provides this Court with an extraordinary and compelling reason to reduce his sentence, the Court notes that Defendant's medical records (supplied with his Motion) indicate that he was treated in the medical facility within the prison most recently on November 30, 2019, at 8:30 am for his asthma condition.  These records indicate that Defendant was being seen for shortness of breath due an asthma exacerbation which began around midnight. After administration of a nebulizer, Defendant's oxygen saturation level rose from 90%  to 100% and Defendant was prescribed prednisone to take subsequent to the visit and to follow up with his PCP.  ECF 145-2.

The Court finds that these records do not support a finding that Defendant's asthmatic condition is so severe so as to create an extraordinary and compelling reason to reduce his sentence.

Additionally, as noted by the Government in its submission, Defendant failed to demonstrate how he would not pose a danger to the safety of any other person or the community. Applying the 3553 factors, as required by 18 U.S.C. § 3582(c)(1)(A), the Court notes that Defendant is a career offender and that he continued to offend while on supervised release.  His prior offenses involve robbery, assault, reckless endangerment, and he once carjacked a woman at knifepoint. For all of these reasons, the Court finds that there is a need to protect the community and other persons from Defendant's criminal conduct.

For these reasons, Defendant's Motions (ECF 139 and ECF 145) are DENIED.

SO ORDERED this 10th day of September, 2020.

<u>s/Arthur J. Schwab</u>
Arthur J. Schwab
United States District Judge

cc: All ECF Registered Counsel of Record